IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHEYENNE FINK                                                          PETITIONER

VS.                    Civil No. 2:25-cv-02122-TLB-MEF

DEXTER PAYNE, Director,
Arkansas Division of Correction                                        RESPONDENT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Petitioner, Cheyenne Fink ("Fink"), a prisoner in the McPherson Unit of the Arkansas
Division of Correction, located in Newport, Arkansas, has filed a Petition Under 28 U.S.C. § 2254
for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). In Forma Pauperis ("IFP")
status was granted on October 9, 2025, and the Respondent, Dexter Payne ("Payne"), Director of
the Arkansas Division of Correction, was ordered to file a response to Fink's § 2254 Petition.
(ECF No. 4). Payne filed his Response on November 5, 2025. (ECF No. 9). Coincidentally, Fink
filed a Supplement to her § 2254 Petition on the same date (ECF No. 10), causing Payne to file an
Amended Response on November 24, 2025 (ECF No. 13). Fink has also filed numerous other
motions. (ECF Nos. 8, 11, 12, 14, 15, and 16). All these matters have been referred to the
undersigned.

## I.      BACKGROUND

While out on a walk the morning of December 3, 2012, then 17-year-old Fink encountered
80-year-old Loyd Cole. Fink stabbed Cole 36 times with a knife she was carrying, killing him.
Cole was found face up in a ditch. Fink left a trail of blood running from Cole's body to the front
steps of her house. (ECF No. 9-4, pp. 1-2).

When Fink returned home, she was short of breath and had a large cut on her left arm.  Her mother examined the cut on her daughter's arm and called her husband to come home.  Fink took a shower and asked her mother to wash her clothes.  When her father arrived at the home, the police were outside examining the trail of blood leading to the home.  (ECF No. 9-4, p. 2).

The police obtained a search warrant for the Finks' home.  They discovered several knives in Fink's bedroom, including one under Fink's pillow, and they found bloodstained clothes in the washing machine.  Blood samples taken from the knife and Fink's pants matched Cole's DNA.  The police interviewed Fink, but she denied killing Cole, stating that she did not recall seeing him that day.  She told police she had cut herself because she missed her deceased brother and had planned to kill herself that morning.  (*Id.*).

The State filed a first-degree murder charge against Fink.  At trial, Fink asserted the defense of not guilty by reason of mental disease or defect; but, after the jurors heard the testimony of expert witnesses on both sides, they rejected the defense and found Fink guilty of first-degree murder.  Fink was sentenced to life imprisonment.  (*Id.*).

Fink appealed, challenging the Circuit Court's denial of her motion for a directed verdict and statements made by the State during closing argument.  (ECF No. 9-4, p. 1).  The Arkansas Supreme Court found no error, and it affirmed Fink's conviction and sentence on September 24, 2015.  (ECF No. 9-4, pp. 1, 8).

On October 31, 2022, Fink filed a petition for post-conviction relief under Ark. R. Crim. P. 37.  (ECF No. 9-2, p. 1).  On April 11, 2024, the Circuit Court of Polk County, Arkansas denied Fink's Rule 37 Petition as untimely, noting that she had 60 days within which to file such a petition in accordance with Ark. R. Crim. P. 37.2, and that due to the untimeliness of Fink's Rule 37 Petition the Court lacked jurisdiction to hear it.  (*Id.*, pp. 3-4).

2

Fink then filed her § 2254 Petition with this Court on October 9, 2025.[1] (ECF No. 1). For her first ground for relief, she asks "for exoneration of my crime by giving me a pardon and time served like an Alford Plea, because this is my mercy plea for the fact that I should be free, because I should have had my record cleared and sealed at the age of 18 years old." (*Id.*, p. 5). For ground two, she seeks immunity, stating, "I want to be granted immunity from prosecution to be able to give compelling info[rmation] against another individual and become a CI." (*Id.*, p. 7). She wants to "be given a job opportunity in the State of Arkansas … I want to become a confidential informant." (*Id.*). Her third ground for relief is based upon Act 539, the Fair Sentencing of Minors Act of 2017, and she states, "[t]he Circuit Court erred when it denied my motion to be transfer[r]ed to Juvenile Jurisdiction due to the fact that I was a 17 year old minor at the time of the crime." (*Id.*, p. 8). Fink's fourth ground for relief restates her request for a pardon or to have her sentence commuted to a term of years, "such as [a] 30 year sentence, and that I would have a discharge date in 2042." (*Id.*, p. 10).

Payne filed his Response to Petition for Writ of Habeas Corpus on November 5, 2025. (ECF No. 9). Fink filed a Supplement to her § 2254 Petition on the same date, in which she makes a new claim challenging the sufficiency of the evidence to convict her, while she reiterates her claim under Act 539 – the Fair Sentencing of Minors Act of 2017. Due to the filing of Fink's Supplement, Payne filed an Amended Response to Petition for Writ of Habeas Corpus on November 24, 2025. (ECF No. 13). As previously noted, Fink has also filed numerous other motions in this action. (ECF Nos. 8, 11, 12, 14, 15, and 16).

---

[1] Fink had previously filed a similar action in the Eastern District of Arkansas on June 9, 2025, in *Cheyenne Fink v. Dexter Payne*, Case No. 4:25-cv-00565-BBM. That case was transferred to the Western District of Arkansas on February 6, 2026, and it was assigned Case No. 2:26-cv-02011-TLB-MEF in this District. An Order consolidating the two cases, with the instant case being the lead case, was entered on March 19, 2026. (ECF No. 20).

## II. DISCUSSION

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). When a habeas petitioner fails to raise her federal claims in state court, she deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Therefore, when a habeas petitioner defaults her federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider her claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750.

A thorough review of Fink's § 2254 Petition, as supplemented, and the record in this case conclusively shows that Fink's claims are time-barred, procedurally defaulted and barred, or otherwise not cognizable for federal habeas relief. For the reasons discussed below, it is RECOMMENDED that Fink's § 2254 Petition, as supplemented, be dismissed with prejudice.

**A. Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year period of limitations for the filing of federal habeas petitions by state prisoners. 28 U.S.C. § 2254. This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

This case involves the first triggering date: when the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Fink's direct appeal was decided by the Arkansas Supreme Court on September 24, 2015. (ECF No. 9-4, pp. 1, 8). Following the conclusion of that direct appeal, Fink's judgment became final when her time to file a petition for a writ of certiorari with the United States Supreme Court expired, which is 90 days after the date of the entry of judgment. U.S. Sup. Ct. R. 13(3). Pursuant to Rule 13(3), the time to file a petition for a writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the issuance of the mandate (or its equivalent under local practice).

Since the Arkansas Supreme Court affirmed Fink's conviction and sentence on September 24, 2015, her judgment became final 90 days later, on December 23, 2015, and AEDPA's one-year limitations period ran from that date until December 23, 2016. Fink's § 2254 Petition was

5

filed on October 9, 2025, which was nearly nine years after the expiration of the AEDPA one-year limitations period, and it is untimely, unless she is entitled to either statutory or equitable tolling.[2]

### 1. Statutory Tolling

AEDPA's one-year limitations period is statutorily tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

A petition filed pursuant to Ark. R. Crim. P. 37 is an application for state post-conviction review, but if an appeal was taken from the judgment of conviction, as it was in Fink's case, the Rule 37 petition "must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court." Ark. R. Crim. P. 37.2(c)(ii). Fink's Rule 37 petition was filed on October 31, 2022, more than seven years after the Arkansas Supreme Court had affirmed her conviction and sentence on September 24, 2015. (ECF No. 9-2, p. 1). The Circuit Court of Polk County, Arkansas denied Fink's Rule 37 Petition as untimely, noting that she had 60 days within which to file such a petition in accordance with Ark. R. Crim. P. 37.2, and that due to the untimeliness of Fink's Rule 37 Petition the Court lacked jurisdiction to hear it. (*Id*., pp. 3-4). Fink's Rule 37 petition was not, therefore, "properly filed" under the statute because it was untimely, and consequently, statutory tolling under § 2244(d)(2) does not apply. *See, e.g., Pace v. DiGiglielmo*, 544 U.S. 408, 417 (2005); *Nelson v. Norris*, 618 F.3d 886, 891-92 (8th Cir. 2010).

Thus, the Court agrees with the Respondent that Fink's untimely Rule 37 proceedings in the state trial court have no bearing on the statute of limitations calculation. Once the statute of limitations has expired, its time bar cannot be escaped by untimely filings made in state court after

---

[2] Fink's § 2254 Petition filed in the Eastern District of Arkansas on June 9, 2025, was filed over eight years after the expiration of the AEDPA one-year limitations period and was also untimely.

the time bar applies.  *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (citing *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999)).

That Fink's belated post-conviction relief efforts don't provide relief from the AEDPA limitations period does not, however, end the inquiry regarding statutory tolling.  28 U.S.C. § 2244(d)(1)(C) provides that the one-year period of limitation shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  In *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that the Eighth Amendment forbids a mandatory sentence of life without parole for a juvenile offender.  Three years later, in *Kelley v. Gordon*, 2015 Ark. 277, 465 S.W.3d 842 (2015), the Arkansas Supreme Court held that *Miller* was to be applied retroactively to other cases on collateral review in Arkansas.  In *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the U. S. Supreme Court confirmed that its decision in *Miller* must be given retroactive effect, and it held that, "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them."  *Id*. at 212.  The Supreme Court noted that, "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment[,]" but the Court cautioned that, "[t]hose prisoners who have shown an inability to reform will continue to serve life sentences[,]" and "[t]he opportunity for release will be afforded to those who demonstrate the truth of *Miller's* central intuition – that children who commit even heinous crimes are capable of change."  *Id*.

Here, the record plainly shows that Fink's current federal habeas petitions were filed well beyond the one year provided in 28 U.S.C. § 2244(d)(1)(C) and are untimely.  *Miller* was

recognized as being retroactive in Arkansas when the Arkansas Supreme Court decided *Kelley v. Gordon* on June 18, 2015, and the U. S. Supreme Court made the retroactive effect of *Miller* clear in *Montgomery* decided on January 25, 2016. Fink's § 2254 Petition originally filed in the Eastern District of Arkansas on June 9, 2025, was filed over nine years after the *Montgomery* decision; her § 2254 Petition in the instant case was not filed until four months later, on October 9, 2025 (ECF No. 1).

Moreover, Fink has been given the opportunity afforded by *Miller*, *Montgomery*, and the Fair Sentencing of Minors Act (Act 539). On June 9, 2025, Fink was informed by the Arkansas Board of Corrections, Compliance Division, that "because you fall under the Fair Sentencing of Minors Act (Act 539), you will be parole eligible after serving 25 years." (ECF No. 10, p. 3). A Time Computation Card dated May 1, 2025, shows that Fink's transfer eligibility date is 12/02/2037 (*Id*. at 4), which consistent with the FSMA is 25 years after the date of Fink's offense on December 3, 2012.

No statutory tolling is applicable to render Fink's federal habeas petition timely.

### 2.     Equitable Tolling

The United States Supreme Court has recognized that the statute of limitations may also be equitably tolled in an appropriate case. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief."

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In the present case, Fink has not argued that any extenuating circumstances beyond her control prevented a timely filing, nor has she even relied on the doctrine of equitable tolling. Instead, she asserts only that "Act 539 makes my petition current, because I was a minor at the time of the crime." (ECF No. 1, p. 13). This ignores, however, that Act 539 became effective on March 20, 2017, and Fink then waited over eight years before filing for federal habeas relief.

Fink does not claim anything the State did made it impossible or difficult for her to uncover the facts that she now asserts in support of her claims. She does not allege that some action taken by the State lulled her into taking no action to pursue her claims. She does not refer to any extraordinary circumstances, attributable to the State or to any other cause, that prevented her, in the exercise of reasonable diligence, from discovering the facts upon which her claims are based soon enough to enable her to bring a timely habeas petition. In short, Fink does not claim that any wrongdoing on the part of the State prevented her from filing a timely petition, nor does she allege and show that some extraordinary circumstance beyond her control stood in her way. Fink's only position is that her filing was timely under Act 539. It was not.

Moreover, in waiting over eight years after the passage of Act 539 before filing her federal habeas petitions, Fink has certainly not exercised due diligence in the pursuit of her rights. *See, e.g., Pace*, 544 U.S. at 419 (five months unexplained delay insufficient to establish equitable tolling); *Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (five months); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (five months).

Fink's failure to timely file her § 2254 Petition is her fault alone. She has failed to allege and establish any factual basis for fitting within the "exceedingly narrow window of relief" equitable tolling provides, and her § 2254 Petition should be dismissed as untimely.

### B. Fink's Sufficiency of the Evidence Claim is Barred

In the Supplement to Fink's § 2254 Petition, she challenges the sufficiency of the evidence to support her conviction and sentence. (ECF No. 10, p. 1). She made that argument on direct appeal and lost. She is, therefore, barred from raising that claim again in this federal habeas proceeding.

Fink pursued a direct appeal to the Arkansas Supreme Court, challenging the Circuit Court's denial of her motion for a directed verdict and statements made by the State during closing argument. (ECF No. 9-4, p. 1). The Arkansas Supreme Court found no error, and it affirmed Fink's conviction and sentence on September 24, 2015. (ECF No. 9-4, pp. 1, 8).

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). § 2254(d) (emphasis added) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ***shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings*** unless the adjudication of the claim - -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Arkansas, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1. The Arkansas Supreme Court resolved Fink's insufficiency of the evidence claim on an adequate and independent ground when it found her directed-verdict argument to be without merit and affirmed her conviction and sentence on September 24, 2015. And Fink fails to offer any allegations placing her case within either of the two § 2254(d)

exceptions. As such, her sufficiency of the evidence claim is barred in this federal habeas proceeding.

### C. Fink's Other Claims Are Not Cognizable in Federal Habeas

Fink's other claims are simply not cognizable in federal habeas corpus proceedings.

First, she asks, "for exoneration of my crime by giving me a pardon and time served like an Alford Plea, because this is my mercy plea for the fact that I should be free, because I should have had my record cleared and sealed at the age of 18 years old." (ECF No. 1, p. 5). Commutation and pardon decisions are matters for the executive branch, not the judiciary. *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 276 (1998) ("pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review") (quoting *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)). The Arkansas Constitution vests the Governor with "power to grant reprieves, commutations of sentences, and pardons, after convictions; and to remit fines and forfeitures, under such rules and regulations as shall be prescribed by law, Ark. Const. Art. VI, sec. 18, and such clemency decisions are generally unreviewable under state law, *see id*.; Ark. Code Ann. § 16-93-204." *Lee v. Hutchinson*, 854 F.3d 978, 981 (8th Cir. 2017). "Because clemency is extended mainly as a matter of grace, and the power to grant it is invested in the executive prerogative, it is a rare case that presents a successful due process challenge to clemency procedures themselves." *Id*. (quoting *Noel v. Norris*, 336 F.3d 648, 649 (8th Cir. 2003)). Here, Fink makes no assertions that the clemency process in Arkansas is somehow constitutionally deficient; she merely asks this Court to grant her a pardon or commute her sentence. The Court has no authority to do so, and her claim for a pardon is not cognizable in this proceeding. If Fink wants a pardon or commutation, she should pursue the Arkansas clemency process.

For her second ground for relief, she seeks immunity, stating, "I want to be granted immunity from prosecution to be able to give compelling info[rmation] against another individual and become a CI." (ECF No. 1, p. 7). She wants to "be given a job opportunity in the State of Arkansas … I want to become a confidential informant." (*Id*.). The habeas statute, however, provides that a federal court shall entertain a prisoner's § 2254 petition "only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." Fink's allegations do not specify any constitutional violations, merely her wish to be given immunity and a State job as a confidential informant, and such wishes do not support claims for federal habeas relief.

Her third ground for relief is based upon Act 539, the Fair Sentencing of Minors Act of 2017, and she states, "[t]he Circuit Court erred when it denied my motion to be transfer[r]ed to Juvenile Jurisdiction due to the fact that I was a 17 year old minor at the time of the crime." (*Id*., p. 8). As noted above, in *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that the Eighth Amendment forbids a mandatory sentence of life without parole for a juvenile offender. Three years later, in *Kelley v. Gordon*, 2015 Ark. 277, 465 S.W.3d 842 (2015), the Arkansas Supreme Court held that *Miller* was to be applied retroactively to other cases on collateral review in Arkansas. And in *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the U. S. Supreme Court confirmed that its decision in *Miller* must be given retroactive effect, but it held that, "**[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them**." *Id*. at 212 (emphasis added). The Supreme Court noted that, "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment[,]" but

the Court cautioned that, "[t]hose prisoners who have shown an inability to reform will continue to serve life sentences[,]" and "[t]he opportunity for release will be afforded to those who demonstrate the truth of *Miller's* central intuition – that children who commit even heinous crimes are capable of change." *Id*.

The record clearly shows that Fink has been given the opportunity afforded by *Miller*, *Montgomery*, and the Fair Sentencing of Minors Act (Act 539). On June 9, 2025, Fink was informed by the Arkansas Board of Corrections, Compliance Division, that "because you fall under the Fair Sentencing of Minors Act (Act 539), you will be parole eligible after serving 25 years." (ECF No. 10, p. 3). A Time Computation Card dated May 1, 2025, shows that Fink's transfer eligibility date is 12/02/2037 (*Id*. at 4), which consistent with the FSMA is 25 years after the date of Fink's offense on December 3, 2012. Fink, however, wants more — as stated in her fourth ground for relief, she reiterates her request for a pardon and commutation to a term of years "such as [a] 30 year sentence and that I would have a discharge date in 2042." (ECF No. 1 at 10). In later motions and in her Reply to the State's Response, she again asks to be "granted [a] discharge date of December 3, 2042." (ECF No. 15 at 1-2; ECF No. 16 at 1; ECF No. 17 at 2, 7). For the reasons already discussed above, this Court has no authority to do so. Any pardon or commutation of Fink's conviction and sentence must come from the Governor of the State of Arkansas through the clemency process; and despite her wish to have a set discharge date, the State has already given Fink the benefit of the FSMA.

### D.     Fink's Other Motions

In addition to her § 2254 Petition, Fink has filed numerous other "motions." The undersigned is reluctant to even call these filings motions, because they consist of nothing more than a collection of legal buzzwords and terms, some of which Fink clearly does not even

understand.  For example, she filed an untitled document (ECF No. 11) in which she moves for a new trial, a new sentence, or release from state custody, a motion for an *Alford* plea agreement, and a directed verdict of nolo contendere, a motion for just compensation due to pain and suffering from cruel and unusual punishment, a motion to proceed *pro hac vice*, and a motion for brief for an *amicus curiae*.  The document is nothing more than a one sentence request for each of these things, with no supporting facts or law.  Similar "motions" are found at ECF Nos. 12, 14, 15, and 16.  A motion to supplement her § 2254 Petition was filed on February 13, 2026, which includes 169 pages of various documents from her state court proceedings and "my favorite doctor's psychoanalysis on me."  (ECF No. 19).

Fed. R. Civ. P. 7(b)(1) provides that a request for a court order must be made by motion, and, among other requirements, it must "state with particularity the grounds for seeking the order."  Local Rule 7.2(a) requires that all motions (with certain exceptions not relevant here) shall be accompanied by a brief consisting of a concise statement of relevant facts and law.  None of Fink's motions comply with these rules.  Bare assertions and conclusions, and repeating labels and buzzwords, but lacking any factual enhancement is not sufficient to support claims for relief – at least some degree of factual specificity is required.  *See McNealy v. City of St. Louis, Missouri*, No. 4:24-cv-00583-JAR, 2024 WL 4817299, *10 (E.D. Mo. Nov. 18, 2024).

Accordingly, all of Fink's various other motions should properly be denied.

### III.    CONCLUSION

For the reasons and upon the authorities discussed above, Fink's claims are time-barred, procedurally defaulted and barred, or otherwise not cognizable for federal habeas corpus relief.  It is, therefore, RECOMMENDED that Fink's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1), as supplemented, be **DISMISSED with**

14

**PREJUDICE**.  It is further RECOMMENDED that Fink's other Motions (ECF Nos. 8, 11, 12, 14, 15, and 16) be DENIED as MOOT and for failure to comply with procedural rules.

Additionally, as Fink has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied.  28 U.S.C. §§ 2253(c)(1)(A) and (c)(2); Rule 11, Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE